IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELLEN SULEIMAN, | ) |
| | ) No. 2:22-cv-736 |
| Plaintiff, | ) |
| | ) |
| vs. | ) Robert J. Colville |
| | ) |
| MIGUEL CARDONA, in his official | ) |
| capacity as United States Secretary of | ) |
| Education, and THE OFFICE OF FEDERAL | ) |
| STUDENT AID, Department of Education, | ) |
| | ) |
| Defendants, | |

**MEMORANDUM OPINION**

Robert J. Colville, United States District Judge

Before the Court is the Motion to Dismiss, or, in the Alternative, for Summary Judgment pursuant to Fed. R. Civ. Pro. 12(b)(1), 12(b)(6), and Rule 56(c) (ECF No. 11) filed by Defendants and Defendants' Brief in Support of their Motion ("Mot.") (ECF No. 12). Plaintiff filed a Response (ECF No. 13) in Opposition along with a Brief in Support of Plaintiff's Response ("Resp.") (ECF No. 14). Defendants' Motion to Dismiss has been fully briefed and is ripe for disposition.

I. **Introduction and Factual Background**

Plaintiff commenced this action with the filing of a Complaint on September 23, 2022, seeking declaratory relief. Compl., ECF No. 1. Plaintiff requests that the Court enter an Order declaring that Plaintiff's correct date of birth is July 29, 1975, so that she may "comply with regulations of the Defendants pertaining to the [Free Application for Federal Student Aid]

1

requirements. *Id.* at ¶ 23. Plaintiff alleges the Court has authority to enter such an Order pursuant to 28 U.S.C. § 2201 and 5 U.S.C. §§ 701-706. *Id.* at ¶¶ 1, 23.

As factual background, Plaintiff alleges that she is a student enrolled at the University of Pittsburgh to become a registered nurse anesthetist. *Id.* at ¶ 8. "Plaintiff is a native of Sierra Leone" and "[i]n 1996, Plaintiff was evacuated to Iceland, during the Sierra Leone Civil War, from the Sierra Leone refugee camps." *Id.* at ¶ 9-10. At the time she was evacuated from Sierra Leone, her Sierra Leone passport "mistakenly identified that her date of birth was July 29, 1971, instead of" July 29, 1975. *Id.* at ¶ 12. She later traveled to the United States and became a United States citizen. *Id.* at ¶ 14-15. Since becoming a citizen, Plaintiff corrected her date of birth on her Sierra Leone passport. *Id.* at ¶ 16. Further, her Washington State driver's license reflects her correct date of birth. *Id.* at ¶ 17. However, her United States passport incorrectly states her date of birth as July 29, 1971. *Id.* at ¶ 18.

On or about May 12, 2022, Plaintiff's FASFA application was rejected because the birth date listed on her United States passport did not match the birth date listed on her driver's license, Sierra Leone passport, Sierra Leone birth certificate, or her school transcripts. *Id.* at ¶ 19. Plaintiff provides that she is required to complete the FASFA in order to apply for Federal Financial Aid and that she requires financial aid in order to pay for her education. *Id.* at ¶ 20-21. Therefore, Plaintiff requests that the Court enter an Order declaring that her correct date of birth is July 29, 1975, so she can comply with the requirements of the Financial Aid office. *Id.* at ¶ 22.

**II.     Legal Standard**[1]

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the "court's 'very power to hear the case.'" *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006) (quoting *Mortensen v. First Federal Savings and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).  The party asserting the existence of federal jurisdiction bears the burden of proving that jurisdiction over the subject matter actually exists.  *Brown v. Tucci*, Civil Action No. 12-1769, 2013 WL 2190145 (W.D. Pa. May 20, 2013) (citing *Development Finance Corp. v. Alpha Housing & Health Care*, 54 F.3d 156, 158 (3d Cir. 1995)).

There are two types of Rule 12(b)(1) motions.  A "facial" attack assumes that the allegations of the complaint are true, but contends that the pleadings fail to present an action within the court's jurisdiction.  *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  The United States Court of Appeals for the Third Circuit has explained:

> In reviewing a facial attack, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *In re Schering Plough Corp.*, 678 F.3d at 243 (quoting *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)) (internal quotation marks omitted). Thus, a facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), i.e., construing the alleged facts in favor of the nonmoving party.

*Constitution Party of Pennsylvania v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).  A "factual" attack, on the other hand, argues that, while the pleadings themselves facially establish jurisdiction, one or more of the factual allegations is untrue, causing the case to fall outside the court's jurisdiction.  *Id.*  In such a case, "no presumptive truthfulness attaches to plaintiff's

---

[1] As the Court has granted Defendants' Motion to Dismiss pursuant to Rule 12(b)(1), *see infra* Section III, the Court will not set out the legal standard for a motion to dismiss pursuant to Rule 12(b)(6) or a motion for summary judgment, as the Court will not address Defendants' motion on those grounds because the Court is without subject matter jurisdiction to consider the merits of Plaintiff's Complaint.

allegations" and the court must evaluate the merits of the disputed allegations because "the trial court's ... very power to hear the case" is at issue. *Id.* With a factual attack, the Court is free to consider evidence outside the pleadings and weigh that evidence. *Petruska*, 462 F.3d at 302 n.3; *see also Gould Elecs., Inc. v. U.S.*, 220 F.3d 169, 176 (3d Cir. 2000). "[T]he existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Petruska*, 462 F.3d at 302 n.3 (quoting *Mortenson*, 549 F.2d at 891).

### III. Discussion

#### A. Rule 12(b)(1)

Defendants argue that the Court lacks subject matter jurisdiction over Plaintiff's Complaint. Mot. 6-7. Defendants argue that while Plaintiff asserts that the jurisdictional basis for her Complaint is the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, the APA does not provide subject matter jurisdiction and instead, "provides a cause of action for a plaintiff who has properly asserted a federal question under 28 U.S.C. § 1331." *Id.* (quoting *Brennan v. United States*, No. 4:20-cv-00505-KGB, 2020 WL 3980001 at *3 (E.D. Ark. July 13, 2020)). Therefore, Defendants argue, the APA does not vest the Court with subject matter jurisdiction and Plaintiff's Complaint should be denied. *Id.* at 7.

Plaintiff argues that the Court has jurisdiction because this is an action for declaratory relief pursuant to 28 U.S.C. § 2201. Resp. 1-2. Plaintiff provides no further basis for jurisdiction in her Response in Opposition. However, in her Complaint, Plaintiff states that the Court has jurisdiction pursuant to 28 U.S.C. § 1346(a)(2) and that her Complaint is an "action for judicial review pursuant to 5 U.S.C. §§701-706, and for declaratory relief pursuant to 28 U.S.C. §2201." Compl. ¶¶ 1-2.

Therefore, viewing the allegations in the light most favorable to Plaintiff, the Court will determine whether 28 U.S.C. § 1346(a)(2), 5 U.S.C. §§701-706, or 28 U.S.C. §2201 provide a basis for subject matter jurisdiction. To begin, the Court notes that as a prerequisite for determining subject matter jurisdiction, the Court must first determine whether there has been a waiver of sovereign immunity. *See Carr v. DeVos*, 369 F. Supp. 3d 554, 559 (S.D. N.Y. 2019) ("the waiver of sovereign immunity is a prerequisite to subject-matter jurisdiction"). Here, Defendants concede that "20 U.S.C. § 1082(a)(2) waives the Secretary's immunity from suits seeking declaratory relief."[2] Mot. 8.

Because Defendants concede sovereign immunity, the Court must now determine whether it has subject matter jurisdiction over Plaintiff's claims. Looking first at 28 U.S.C. § 1346(a)(2), the Little Tucker Act, the Court has jurisdiction over:

> Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort, except that the district courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States or for liquidated or unliquidated damages in cases not sounding in tort which are subject to sections 7104(b)(1) and 7107(a)(1) of title 41. For the purpose of this paragraph, an express or implied contract with the Army and Air Force Exchange Service, Navy Exchanges, Marine Corps Exchanges, Coast Guard Exchanges, or Exchange Councils of the National Aeronautics and Space Administration shall be considered an express or implied contract with the United States.

28 U.S.C. § 1346(a)(2). "As a general matter, the Little Tucker Act waives the government's sovereign immunity, and confers jurisdiction on federal courts, for contract claims against the United States that seek damages of no more than $10,000." *Alternatives Research and*

---

[2] While Defendants concede the waiver of sovereign immunity, they do raise additional arguments concerning whether Plaintiff has asserted a proper cause of action under 20 U.S.C. § 1082(a)(2). Mot. 8. The Court will not address this argument because the Court finds it does not have subject matter jurisdiction over Plaintiff's claims.

*Development Foundation v. Vilsack*, 2017 WL 1177104, at *3 (E.D. Pa. Mar. 30, 2017). Construing the facts in the light most favorable to Plaintiff, there is no basis for the Court to determine that Plaintiff has brought a contract claim against the United States. Further, Plaintiff is not seeking monetary relief which is a requirement of bringing suit under 28 U.S.C. § 1346(a)(2). *See Wilkens v. United States*, No. 03-CIV-1837, 2004 WL 1198138, at * (D. N.J. Feb. 19, 2004) (holding that 28 U.S.C. § 1346(a)(2) did not confer jurisdiction upon the court because the plaintiff did not seek monetary relief). Therefore, neither Plaintiff's Complaint nor her Response in Opposition provide any facts by which the Court could conclude that it has jurisdiction pursuant to 28 U.S.C. § 1346(a)(2).

Next, the Court does not have jurisdiction pursuant to 28 U.S.C. § 2201, the Declaratory Judgment Act. 28 U.S.C. § 2201 "does not create or grant jurisdiction, it merely grants federal courts the authority to enter declaratory relief." *Paye*, 2010 WL 5111380, at *3 n.3; *see Palamarachouk v. Chertoff*, 568 F. Supp. 2d 460, 463 n.3 (D. Del. 2008). Therefore, in order for the Court to have jurisdiction under 28 U.S.C. § 2201, the Court must have jurisdiction under another federal statute. Therefore, Plaintiff must demonstrate that jurisdiction is proper under another federal statue, here, 5 U.S.C. §§ 701-706, the APA, in order for the Court to have jurisdiction.

However, the Supreme Court has been clear that the APA does not provide an implied grant of subject matter jurisdiction. *Califano v. Sanders*, 430 U.S. 99, 107 (1977). Therefore, again, in order for the Court to have jurisdiction, Plaintiff must demonstrate that jurisdiction is proper under another federal statute. Plaintiff has made no allegations or argument pertaining to the Court having jurisdiction under another federal statute.

Therefore, based on the above, the Court does not have subject matter jurisdiction over Plaintiff's claims as alleged, and Plaintiff's Complaint is dismissed without prejudice.

### B. Rule 12(b)(6)

Defendants raise additional arguments that Plaintiff has failed to state a claim upon which relief can be granted. Because the Court has found it does not have subject matter jurisdiction over Plaintiff's claims as alleged, the Court may not address Defendants' remaining arguments.

### IV. Conclusion

For the reasons discussed above, Defendants' Motion to Dismiss pursuant to Rule 12(b)(1) is granted and Plaintiff's Complaint is dismissed without prejudice. Defendants' remaining arguments made pursuant to Rule 12(b)(6) and, alternatively, Rule 56(c) are denied as moot. An appropriate Order of Court will follow.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: July 17, 2023

cc/ecf: All counsel of record